UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   DAYSHON FLORES a/k/a DAYSHAWN BETTWAY,

                           Plaintiff,

       -against-

CITY OF NEW YORK, SERGEANT SEAN AMAN Shield
#03440, P.O. RISEL MARTINEZ, P.O. JANIELLE
MENDOZA Tax Reg# 945429, P.O. ALEXANDER
ALIGNAY Shield #22459, and P.O. JOHN DOES 1-15,

                      Defendants,

------------------------------------------------------------------X

Civil Action No.:

**VERIFIED COMPLAINT**

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of New York, against P.O. JANIELLE MENDOZA Tax Reg# 945429, P.O. RISEL MARTINEZ, P.O. ALEXANDER ALIGNAY Shield # 22459, SERGEANT SEAN AMAN Shield #03440 and P.O. JOHN DOES #1-15, police officers of the City of New York, in their individual capacities and against the City of New York. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of DAYSHON FLORES a/k/a DAYSHAWN BETTWAY, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered DAYSHON FLORES a/k/a DAYSHAWN BETTWAY. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

## PARTIES

3. DAYSHON FLORES a/k/a DAYSHAWN BETTWAY was at all times a resident of Bridgeport, Connecticut, and of full age.

4. Defendant Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of New York and/or the City of New York.

5. The City of New York, New York, is a municipal corporation and the public employer of the said officers.

## FACTS

6. On or about May 19, 2016, at approximately 6:40pm, Plaintiff **DAYSHON FLORES** was at or about the lobby entrance way of 480 St. Nicholas Avenue, New York, NY 10030. Defendant **P.O. RISEL MARTINEZ** and another police officer used chokeholds and arm locks on Mr. Flores. **P.O. RISEL MARTINEZ** then punched a man in the face and other parts of his body who was videotaping him. The entire incident was captured by cell phone videos from multiple angles. The incident was also captured on NYCHA building videos, including the **480 St. Nick ULC Media Players at the location.** Mr. Flores was restrained by several unknown officers and arrested. He was transported to the 32nd Precinct where he was detained. All charges against Mr. Flores were dismissed and sealed.

7. At no time during the events described above, was plaintiff **DAYSHON FLORES** intoxicated, incapacitated a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses.

8. Upon information and belief, the defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

9. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

10. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff **DAYSHON FLORES** suffered the following injuries and damages:

    a.  Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.  Loss of his physical liberty;

    c.  Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

11. The actions of the defendant Officers violated the following clearly established and well settled federal constitutional rights of **DAYSHON FLORES**:

    a.  Freedom from the unreasonable seizure of his person;

    b.  Freedom from the use of excessive, unreasonable and unjustified force against his person.

### COUNT I 42 U.S.C. § 1983 Against Individual Defendants

12. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

13. Plaintiff **DAYSHON FLORES** claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants P.O. JANIELLE MENDOZA Tax Reg# 945429, P.O. RISEL MARTINEZ, P.O. ALEXANDER ALIGNAY Shield #22459, SERGEANT SEAN AMAN Shield #03440 and P.O. JOHN DOES #1-15 for violation of his constitutional rights under, color of law.

### COUNT II Assault and Battery Against Individual Defendants

14. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

15. Defendants P.O. JANIELLE MENDOZA Tax Reg# 945429, P.O. RISEL MARTINEZ, P.O. ALEXANDER ALIGNAY Shield #22459, SERGEANT SEAN AMAN Shield #03440 and P.O. JOHN DOES #1-15 assaulted and battered **DAYSHON FLORES**.

16. As a result of this assault and battery, plaintiff **DAYSHON FLORES** suffered damages as aforesaid.

### COUNT III False Arrest and Illegal Imprisonment Against Individual Defendants

17. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

18. Defendants P.O. JANIELLE MENDOZA Tax Reg# 945429, P.O. RISEL MARTINEZ, P.O. ALEXANDER ALIGNAY Shield #22459, SERGEANT SEAN AMAN Shield #03440 and P.O. JOHN DOES #1-15 illegally arrested and illegally imprisoned DAYSHON FLORES.

19. As a result of this false arrest and illegal imprisonment, the plaintiff suffered the damages as aforesaid.

## COUNT IV 42 U.S.C. § 1983 Against City of New York

20. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

21. Prior to May 19, 2016, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York, which caused the violation of Flores' rights.

22. It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

23. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

24. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiffs rights alleged herein.


WHEREFORE, the plaintiff requests that this Court:

    A. Award compensatory damages to plaintiff against the defendants, jointly and severally;

    B. Award costs of this action to the plaintiff;

    C. Award reasonable attorney's fees and costs to the plaintiff on Counts I and IV of the complaint;

    D. Award such other and further relief as this Court may deem appropriate.

Dated: White Plains, NY
July 3, 2017

RAWLINS LAW, PLLC

Gary Rawlins, Esq.,
*Attorney for Plaintiff*
**DAYSHON FLORES**
777 Westchester Ave, Suite #101
White Plains, NY 10604
Tel :(212) 926-0050
Fax (347) 332-1592

To:

CITY OF NEW YORK
Zachary Carter, Esq.
New York City Law Department
100 Church Street
New York, NY 10007

P.O. JANIELLE MENDOZA Tax Reg.#945429
32nd Precinct
250 W 135th St,
New York, NY 10030

P.O. RISEL MARTINEZ
Firearms and Tactics Section
1 Rodman's Neck,
Bronx, NY 10464

P.O. ALEXANDER ALIGNAY Shield #22459/ Tax Reg. #952397
32nd Precinct
250 W 135th St,
New York, NY 10030

SERGEANT SEAN AMAN Shield #03440/Tax Reg. #937975
World Trade Center Command
19 Varick Street,
New York, NY 10013

P.O. JOHN DOES 1-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No.:

-------------------------------------------------------------------X

DAYSHON FLORES a/k/a DAYSHAWN BETTWAY,

Plaintiff,

**SUMMONS and**
**VERIFIED COMPLAINT**

-against-

CITY OF NEW YORK, SERGEANT SEAN AMAN Shield #03440, P.O.
RISEL MARTINEZ, P.O. JANIELLE MENDOZA Tax Reg# 945429, P.O.
ALEXANDER ALIGNAY Shield #22459, and P.O. JOHN DOES 1-15,

Defendants,

-------------------------------------------------------------------X

RAWLINS LAW, PLLC
Attorney for Plaintiff
777 Westchester Ave, Suite #101
White Plains, NY 10604
P:(212) 926-0050
F:(347)332-1592

TO:

CITY OF NEW YORK
Zachary Carter, Esq.
New York City Law Department
100 Church Street
New York, NY 10007

P.O. JANIELLE MENDOZA Tax Reg.#945429
32nd Precinct
250 W 135th St,
New York, NY 10030

P.O. RISEL MARTINEZ
Firearms and Tactics Section
1 Rodman's Neck,
Bronx, NY 10464

P.O. ALEXANDER ALIGNAY Shield #22459/ Tax Reg. #952397
32nd Precinct
250 W 135th St,
New York, NY 10030

SERGEANT SEAN AMAN Shield #03440/Tax Reg. #937975
World Trade Center Command
19 Varick Street,
New York, NY 10013

P.O. JOHN DOES 1-15